Filed 11/22/21  P. v. Hull CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY HULL,<br><br>Defendant and Appellant. | C093039<br><br>(Super. Ct. Nos. 16FE004823,<br>17FE006203) |

Appointed counsel for defendant Zachary Hull has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors favorable to defendant, we will affirm the judgment.

1

BACKGROUND

In Sacramento County Superior Court case No. 17FE006203, defendant was originally charged with five counts of burglary (Pen. Code, § 459)[1] and one count of receiving stolen property (§ 496, subd. (a)). The prosecution further alleged a person was present in each of the residences during the burglaries for four of the burglary counts. (§ 667.5, subd. (c)(21).) Finally, the prosecution alleged defendant had received a prior strike conviction for a burglary conviction in Sacramento County Superior Court case No. 16FE004823 (§§ 667, subds. (b)-(i), 1170.12), and that the conviction also constituted a serious prior felony conviction (§ 667, subd. (a)).

A jury found defendant guilty of four of the burglary counts and found true the allegations a person was present in the residences as to each of those counts. The jury found defendant not guilty of the remaining burglary count, and the stolen property count was dismissed. The trial court found true the allegations defendant had a prior serious felony conviction and prior strike conviction. (*People v. Hull* (Jan. 8, 2020, C087338) [nonpub. opn.].) The trial court sentenced defendant to a total of 22 years four months in state prison, which included 16 years for the burglary counts, five years for the prior serious felony enhancement, and one year four months for the probation violation in case No. 16FE004823.

Defendant appealed, and we remanded the case so the court could consider whether to exercise its then newly granted discretion under Senate Bill No. 1393 (2017-2018 Reg. Sess.) to strike defendant's prior serious felony conviction under section 667, subdivision (a). (*People v. Hull, supra*, C087338.) After the remand, defense counsel filed a written motion to strike the five-year serious felony enhancement. Among other things, the motion cited defendant's relative youth as a factor in favor of striking the

_____

[1] Undesignated statutory references are to the Penal Code.

enhancement and attached a social worker report describing the difficult circumstances of defendant's upbringing, along with the probation report from defendant's initial sentencing. The prosecution opposed the motion, citing defendant's pattern of violent offenses, both historically and while incarcerated; the circumstances of the current offenses; and defendant's general lack of remorse. The opposition attached a series of disciplinary actions defendant had received in prison.

The trial court conducted a hearing on the motion, for which defendant was present. The parties submitted on their motions. The court denied the motion, explaining that despite the factors identified by the defense, defendant "had opportunities to turn his life around and failed to avail himself of those opportunities." In particular, defendant had initially been on probation for a "fairly violent" domestic violence offense at the time of his initial burglary offense, and then was on probation for that burglary offense when he committed the current burglary offenses. The court also observed the offenses were "potentially dangerous," in that they occurred late at night while the victims were sleeping at home, and that further confinement would protect the community. Thus, the court denied the motion and maintained the previously entered sentence. Defendant appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
HOCH, J.